WRIGHT v. CONNOR *et al.*

1. Mandamus: WHEN TO BE ISSUED. The writ of mandamus cannot properly be issued as preliminary or intermediate process, but only after hearing and judgment.

2. Practice: DEMURRER. When two distinct causes of action or defenses are stated in one count, a demurrer will lie to one of such causes.

*Appeal from Bremer Circuit Court.*

THURSDAY, JUNE 13.

THE petition states plaintiff's cause of action to be as follows: One Hannah Davis recovered a judgment against A. W. Davis, in the district court of Bremer county, which was a lien on certain lands. The plaintiff, however, became the owner of one-half of the judgment by assignment from the plaintiff in the judgment. An execution was issued thereon, and put into the hands of defendant

Wright v. Connor.

Connor, who was the sheriff. He levied upon certain lands, and at the day fixed for the sale plaintiff appeared, and offered for them two-thirds of their appraised value, but the sheriff refused to sell them, etc., etc.

The answer in the second count sets up the following defenses: That the plaintiff in execution, Hannah Davis, prior to the day fixed for the sale of the lands on execution, directed defendant in writing to return the execution without sale or further levy, and notified defendant that the judgment had been fully paid. That, after such order and notification, a writ of mandamus was issued by the clerk of the district court, commanding defendant to return the execution as ordered by the plaintiff therein. The answer sets out the writ of mandamus, from which it appears that a petition had been filed praying for such a writ, that the judge had ordered an "alternative writ" to issue, and that there had been no adjudication by the court upon the subject presented in this petition. The answer alleged that the execution was returned in obedience to the writ of mandamus, and in compliance with the request of Hannah Davis, plaintiff therein.

Plaintiff demurred to that part of the second count which sets up the mandamus proceedings as a defense to this action. The demurrer was overruled. Plaintiff appeals.

*G. C. Wright pro se.*

*Gray & Dougherty* for the appellees.

BECK, Ch. J. — The mandamus proceeding set out in the answer constitutes no defense to plaintiff's action. 1. MANDAMUS: As there had been no adjudication of the court when to be issued. upon the matter of the petition and the parties' rights involved, the issuing of the writ was unwarranted, and defendant cannot be protected under it. The

writ of mandamus is issued after judgment in the proper case, and not as original or intermediate process, which seems to have been attempted in this case. This position does not appear to be denied by defendant's counsel.

But they insist that the demurrer was properly overruled, because it does not strike at the whole of the count

2. PRACTICE: demurrer.

alleging as a defense the mandamus proceeding; that a demurrer will not lie against a part of a count pleading an entire defense, but must be directed against the whole. This may be admitted to the extent that the whole of a defense must be assailed by demurrer, and that it is not competent to attack redundant or incompetent matter in that way. *Haydon* v. *Anderson*, 17 Iowa, 158. But if, through bad pleading, two distinct and independent defenses are contained in one division of an answer, which is called a count, a demurrer may be directed at one of them, if it should be esteemed insufficient in law.

The party objecting to such a pleading ought, by proper motion, require the answer to be divided properly, or demand that the defendant elect upon which part of the double count he will stand. Rev., §§ 2903, 2934. But, omitting to do so, he may regard the defenses as though they were stated in distinct counts, and assail them by separate pleadings. The defendant would not be permitted to set up the defective form of his answer to protect it from a demurrer directed against its substance.

In the case before us the division of the answer or count containing the defense assailed by the demurrer contains another distinct defense. The demurrer did not attack both, but only brought in question the one above stated. Under the rule just announced this is admissible. As we have seen, the defense was insufficient in law. The demurrer ought, therefore, to have been sustained.

Reversed.