ALBERTSON v. THE KEOKUK & DES MOINES R. CO.

1. **Instructions:** TO BE CONSIDERED TOGETHER. The instructions in a case are to be read and considered as a whole, and an omission in one, if supplied in another, will not furnish ground for reversal.

2. **Negligence:** INJURY OF INFANT: RAILROADS. The father of an infant injured by a railway train cannot recover of the company for loss of services and expenses incurred by reason of the injury if the negligence of the parents contributed thereto, unless, notwithstanding such negligence, the injury might have been avoided by the exercise of proper care by the company's employes.

*Appeal from Wapello Circuit Court.*

FRIDAY, APRIL 19.

THE plaintiff's child, two years and one month old, was run over and injured by a train on the defendant's road, and this action is brought to recover for loss of service and expenses incurred in taking care of and nursing said child.

There was a jury trial, verdict and judgment for plaintiff, and defendant appeals.

*Stiles & Burton, Gillmore & Anderson,* and *John Fyffe,* for appellant.

*John B. Ennis* and *H. B. Hendershott,* for appellee.

SEEVERS, J.—I.   Among others, the following instructions were given:

"8.   The rule that refuses damages for an injury to an individual whose negligence has, in any manner, contributed to

1. INSTRUC-
TIONS: to be
considered
together.

produce the injury for which he sues, presupposes that he has reached an age when he has sufficient intelligence to know the existence of danger, and sufficient thought to protect himself from its consequences.

"9.    This rule, therefore, does not, and cannot, apply to an infant of the age this child is shown to be, and if an infant of such age is found alone in a place where he is exposed to danger, and in a situation where he can easily be seen, it is the duty of every person approaching him to use all the care and caution that such person can command, to avoid injury to him, and if such person fails to use such care and caution, such person is guilty of negligence.

"Hence it is that if you find the engineer actually saw the child upon the track, ahead of the locomotive, or in such proximity thereto as rendered it reasonably apparent to him he was in danger from the train, it was the duty of the engineer to use promptly all the care and caution at his command to stop the train and avoid the injury to the child, and if he failed to do so, and by reason thereof the child was injured, then the defendant would be liable therefor, even though the parents of the child were also guilty of negligence in permitting the child to play where it would be exposed to passing trains.

"But if you find the speed of the train through the city did not exceed six miles per hour, and that the engineer was exercising due care in watching the track ahead of the train, and when the child was discovered by him, in the exercise of such care, that he promptly used all the care and caution he could command to avoid the injury, that the defendant would not be liable.

"13.    It is the duty of those intrusted with the running of railway trains to keep a reasonably vigilant watch of the track ahead of the train, in the direction they are running, and to use all proper care and caution to avoid injuries to persons who may be on the streets through which the track of the road passes.

"If, therefore, the plaintiff's child was unattended, and upon the track, or in such position as to render reasonably apparent that it was in danger from the train, in time to have prevented the injury, by stopping the train, using such care and

caution as they could command, and those in charge of the train failed to discover the child in time to do so, by reason of not exercising reasonable care in watching the track ahead of the train, then this would be negligence, and if by reason thereof the child was injured, then defendant would be liable therefor, unless you further find that the plaintiff was guilty of negligence in permitting the child to be at large, unattended, exposed to danger from the passing trains, either by himself or mother in charge of the child at the time, and such negligence contributed to the injury, which would, in such a case, preclude a recovery by the plaintiff."

It is urged the first two are erroneous, but no objection is made to the last. The eighth and first paragraphs of the ninth instruction have been substantially, if not literally, copied from the opinion of this court in *Walters v. The C., R. I. & P. R. Co.*, 41 Iowa, 71. The action in that case was brought by the administrator of the child, and as this action is brought by the parent, the rule sanctioned in the former case, it is insisted, is not applicable in this, because what counsel claim is the well settled rule, that a parent cannot recover for an injury to a child to which his own negligence has contributed, has been ignored in the instructions objected to. It may be conceded that the established rule is as claimed, and yet the instructions are not necessarily erroneous. The established principle is that instructions are to be read and considered as a whole. In the thirteenth instruction, above set out in full, the jury are told that the plaintiff cannot recover if he was guilty of negligence in permitting the child to run at large unattended, and exposed to danger from passing trains. And in the sixteenth instruction, the jury were told "if the plaintiff took no precaution to keep the child in the house or yard, and failed to use ordinary precautions to do so, but suffered it to run out upon the street and railway track at will and pleasure, unattended, and unwatched, * * * then he could not recover except as before explained."

Reading these instructions together, as should be done,

for they all bear upon the same branch of the case as to the objection now under consideration, the jury could not have failed to understand that the plaintiff could not recover if he was guilty of negligence which contributed to the injury.

The ninth instruction is further objected to, because "it holds that the company would be liable if the engineer failed 2. NEGLIGENCE: to use all the care and caution at his command, injury of infant: railroads. even though the parents of the child were also guilty of contributory negligence, in permitting the child to play where it would be exposed to passing trains."

The instruction is based on the theory that, under the evidence, the jury might conclude the engineer *saw* the child there; the instruction demanded he should use all the care and caution at his command to avoid injuring the child.

Certainly the negligence of the parents would not permit the engineer to run over the child. On the contrary, it is but reasonable, and the law demands, he should use all the care and diligence in his power to avoid such an injury as resulted in this case. Shearman & Redfield on Negligence, § 31, and authorities cited in note. *Morris v. The C., B. & Q. Ry. Co.*, 45 Iowa, 29. Especially is this true as to children of such tender years as the one in question. Wharton on Negligence, § 389 (a).

The defendant asked certain instructions which were refused, and it is urged the first, sixth and tenth should have been given. The first might have well been given, but no prejudicial error, we think, was caused by the refusal to do so. The instructions of the court were evidently drawn with great care, and with brevity, calmness and precision, and state the true and correct rules which should govern the jury in the determination of the questions submitted to them. In fact, the whole ground was well covered by the instructions given, and no prejudicial error could possibly be caused by the refusal to give those asked.

II. It is insisted the verdict is against the evidence, and counsel claim that "the onus rested on plaintiff to show one

or more of the following things: that the train was running more than six miles an hour; that the engineer was not keeping a proper lookout over the track; that the child could have been seen by him before it was, or that, if not, he could have stopped the train in time to save it after he did see it." There was evidence tending to prove each of these several propositions, and as to all there was a conflict in a greater or less degree. Without doubt, the careful and painstaking judge before whom this cause was tried, and who heard the evidence and saw the witnesses, believed the testimony sustained the verdict, and under the settled practice of this court we cannot, under the circumstances, interfere.

AFFIRMED.