The City of Ellsworth v. F. N. Rossiter.

| 46 | 237 |
| 46 | 244 |
| 46 | 237 |
| 47 | 106 |
| 47 | 373 |
| ·43 | 237 |
| ,77 | 587 |
| 46 | 237 |
| f82 | 725 |

1. City — *Liability — Civil Engineer — Compensation for Services.* Where R., a civil engineer, and two others, are appointed by a city as a committee to superintend the construction of water-works in and for the city, and R. is appointed because of his knowledge and experience as a civil engineer, and any two of the committee have the authority to act, and they all enter upon the discharge of their duties under the appointment, but they do not all do the same amount of work, and afterward the work for which they were appointed is all performed and completed, and the city accepts and receives the same, *held*, that R. may then maintain an action against the city for compensation for his own individual services, without joining with him the other two members of the committee as plaintiffs.

2. ———— *Misjoinder of Causes — Demurrer. Further held,* That several causes of action were not improperly joined in the action, and that the question whether several causes of action were stated in the petition, and not separately stated and numbered, cannot be raised or presented by a demurrer.

3. ———— *Employés of City — Recovery for Services.* In a case, such as is mentioned in No. 1 of this syllabus, the members of the committee are not such public officers as are required to perform their services without compensation, where no compensation had previously been provided for; but they are agents and employés of the city, who may recover reasonable compensation for their services after the services have all been performed and accepted by the city.

4. ———— *Services Performed — Payment.* Where services have been fully and completely performed for and at the request of a city, and have been accepted and received by the city, the city is then under legal and moral obligation to pay for the same whatever they are reasonably worth, and whatever irregularities may have intervened in the original employment.

*Error from Ellsworth District Court.*

THE opinion states the case. Judgment for plaintiff, *Rossiter,* at the November term, 1888. The defendant *City* brings the case to this court.

*Theodore Sternberg,* city attorney, for plaintiff in error.
*Garver & Bond,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action brought in the district court of Ellsworth county, by F. N. Rossiter against the city of Ellsworth, to recover compensation for services performed by him at the request of the city in and about the construction of city water-works. A trial was had before the court and a jury, and judgment was rendered in favor of the plaintiff and against the defendant for $681, and the defendant, as plaintiff in error, brings the case to this court for review.

The only question now presented is with reference to the sufficiency or insufficiency of the plaintiff's petition. This question was first raised by a demurrer, the grounds of which are as follows: First, a defect of parties plaintiff; second, several causes of action are improperly joined; third, the petition does not state facts sufficient to constitute a cause of action. These grounds of demurrer are the only matters now presented to this court for review, and while we think they are all untenable, yet we shall consider them separately and in their order.

I. The employment of the plaintiff was under a resolution of the mayor and council of the city, which reads, so far as is necessary to quote it, as follows:

"First, that John L. Bell, F. N. Rossiter and Charles J. Evans are hereby appointed and constituted a committee of three, for the superintending in every respect the construction and establishing of water-works in said city of Ellsworth, Kas., and said committee, or a majority thereof, shall have

full power to do or perform all such acts and things as may be necessary and proper in and about the erection, operation, alteration and equipment of any water-works that may be commenced within this city during the year 1885, until the completion of said works and the acceptance thereof by the council of this city, and to make all necessary and proper contracts in and about the premises for the construction and erection of the same: *Provided,* That the committee shall not have power to bind the said city for the payment of any greater sum than the amount of bonds which may be authorized by a vote of the citizens of said city for said purposes."

No express contract was made with reference to the amount of the compensation which any one or any two or all of the members of the foregoing committee should receive. Indeed, compensation is not mentioned at all, either as joint or several; but as any two of the committee had full power to do and perform any or all the things for which they were employed, it would seem that the compensation which one might be entitled to receive might be different from or greater or less than that which either of the others might be entitled to receive. In other words, a joint compensation to all, or an equal amount to each, might not be just. It would therefore seem that any compensation which might be allowed should be a several compensation, and not a joint one. They were not partners, and it does not appear that they had any interest in each other's affairs. The portions of the statutes relating specifically to this question of the joinder of parties plaintiffs are §§ 35 and 37 of the civil code, which read as follows:

"SEC. 35. All persons having an interest in the subject of the action, and in obtaining the relief demanded, may be joined as plaintiffs, except as otherwise provided in this article."

"SEC. 37. Of the parties to the action, those who are united in interest must be joined, as plaintiffs or defendants; but if the consent of one who should have been joined as plaintiff cannot be obtained, he may be made defendant, the reason being stated in the petition."

Under these statutes, it is necessary that all the plaintiffs should have not only an interest in the subject-matter of the

action, but also in obtaining the relief demanded. (*Jeffers v. Forbes*, 28 Kas. 174; *McGrath v. City of Newton*, 29 id. 364, 370, 371, and cases there cited.) Now, under the allegations of the present petition, and more clearly under the evidence as it was introduced on the trial of the case, the three members of the aforesaid committee were not entitled to a *joint* compensation. They were not *partners*, nor *jointly* interested "in obtaining the relief demanded," nor were they entitled to an equal amount of the compensation to be paid, or an equal amount of "the relief demanded." The plaintiff, Rossiter, did more of the work that was to be done and was done than was done by either of the other two, and he is therefore entitled to a greater amount of the compensation to be paid therefor than either of the other two. And he is not interested in the compensation to be paid to either of the other two, nor is either of them interested in the compensation to be paid to him.

II. The next complaint is, that there were several causes of action improperly joined, though in the argument it would seem that the real complaint is that there were several causes of action stated in the petition which were not separately stated and numbered. There were certainly not several causes of action improperly joined. We are inclined to think that only one cause of action was stated in the petition; but even if there were more, still they were all such as might very properly be joined in one petition under the statutes; (Civil Code, § 83;) and the objection that there were several causes of action stated in the petition, which were not separately stated and numbered, cannot be raised or presented by a mere demurrer to the petition. (Civil Code, § 89; *Tootle v. Wells*, 39 Kas. 454.) This objection was not raised or presented in any other manner than by demurrer.

III. The next ground of complaint is, that the petition does not state facts sufficient to constitute a cause of action; but the principal ground upon which this complaint is founded is that Rossiter by his employment became a public officer, and, as no compensation for his services was agreed upon or pro-

vided for at any time, he cannot now recover anything for his services. We think, however, that Rossiter was not a public officer within the rule that gives no compensation to a public officer except such as has previously been provided for by some lawful authority for the office which he fills. We think he might more properly be styled an agent or employé of the city for a specific work. And he was both an agent and an employé of the city. He was a civil engineer of large experience, and it was because of his knowledge and experience as a civil engineer that he was employed by the city to do the work required. In the case of *David v. Water Committee*, 14 Ore. 98, it was held by the supreme court of Oregon that a body of men consisting of fifteen, who were authorized to purchase or construct and maintain water-works in and for the city of Portland, and who were styled "the water committee," were not officers, but were only agents of the city. See also the following cases: *Bunn v. The People*, 45 Ill. 397; *Butler v. Regents of the University*, 32 Wis. 124, 131; *United States v. Maurice*, 2 Brock. (U. S. C. C.), 103; *The State v. Wilson*, 29 Ohio St. 349. But even if the committee in the present case might be called "officers" in any sense, still we do not think that they were such officers as are required to perform services without compensation simply because no compensation for their services had previously been specifically provided for.

IV. It is also claimed that there were some irregularities in the appointment or employment of the plaintiff, Rossiter. In the case of *Fister v. La Rue*, 15 Barb. 323, 324, the following language is used by the court:

"It is well settled, at least in this country, that where a person is employed for a corporation, by one assuming to act in its behalf, and goes on and renders the services according to the agreement, with the knowledge of its officers, and without notice that the contract is not recognized as valid and binding, such corporation will be held to have sanctioned and ratified the contract, and be compelled to pay for the services, according to the agreement. Having availed itself of the services and received the benefits, it is bound in conscience to

pay, and will not be heard to say that the original agreement was not made by a person legally authorized to contract."

See also *Butler v. Comm'rs of Neosho Co.*, 15 Kas. 178; *Brown v. City of Atchison*, 39 id. 37; *Salomon v. United States*, 19 Wall. 17; *City of Cincinnati v. Cameron*, 33 Ohio St. 336.

As all the services expected or desired of Rossiter and his associates have been fully and completely performed, and have been accepted and received by the city, we think the city is now under legal and moral obligation to pay for the same, whatever they are reasonably worth, and whatever irregularities may have intervened in the original employment. See also the following cases: *Comm'rs of Leavenworth Co. v. Brewer*, 9 Kas. 307; *Huffman v. Comm'rs of Greenwood Co.*, 23 id. 281.

The judgment of the court below will be affirmed.

All the Justices concurring.