JACKINS v. DICKINSON.

1. DEMURRER—IMPROPER JOINDER.— The Code does not authorize a demurrer to the complaint on the ground that two causes of action are "jumbled together," unless they are such as cannot be united in the same complaint; in which case the objection must be taken by answer, or demurrer in writing, or will be deemed to have been waived.

2. IBID.—SEPARATE CAUSES OF ACTION.—Where the complaint alleges work done by plaintiff for defendant at an agreed price, and defendant's contract to pay therefor at all events, and then proceeds to allege the sources from which defendant was to collect the money with which to make payment, and that defendant had agreed to appropriate collections to plaintiff's demand, the complaint does not state two separate causes of action.

3. UNCERTAINTY IN COMPLAINT—REMEDY.—Where the allegations of the complaint are uncertain and confused, motion, after due notice given, to require a more distinct statement, is the proper remedy. Motion without notice cannot be considered if objected to.

Before NORTON, J., York, October, 1892.

The complaint was as follows:

The plaintiffs, complaining of the defendant herein, show to the court:

1st. That the plaintiffs, William A. Jackins, Allen B. Crosby and W. R. Lipscomb, are partners, doing business under the firm name of Jackins, Crosby & Company.

2d. That on the 22d day of October, 1889, the plaintiffs, partners as aforesaid, entered into an agreement and contract in writing with the defendant, P. P. Dickinson, to construct and grade a portion of the roadbed of the Charleston, Cincinnati and Chicago Railroad, in the County of Rutherford, State of North Carolina.

3d. That the plaintiffs proceeded, under said agreement and

contract, to construct and grade said roadbed, and have done
and performed work thereon, as directed and required by the
engineer designated in said contract, of the amount and value
of twenty-one thousand eight hundred and twenty-five dollars
and eighty-five cents ($21,825.85), a particular description and
statement of which is set forth in the schedule "B" hereto an-
nexed.

4th. That the said sum of money became due and payable
to the plaintiffs, by the defendant, on the first day of July,
1890, and that no part thereof has been paid, except the sum
of thirteen thousand four hundred and seventy-seven dollars
and seventy-two cents ($13,477.72), leaving a balance due the
plaintiffs by the defendant of eight thousand three hundred
and forty-eight dollars and thirteen cents ($8,348.13), and the
plaintiffs are entitled to said balance, and interest thereon
from the said last mentioned date.

5th. The plaintiffs have in all respects faithfully performed
the conditions and stipulations of said agreement on their part,
and the sections of the railroad upon which the work was done
and performed have been accepted by the railroad company,
track laid, and trains running over the same.

6th. The defendant was a sub-contractor of and under the
Massachusetts and Southern Construction Company, a body
corporate, and contracted and agreed with the plaintiffs to re-
ceive and collect from said corporation and pay to the plain-
tiffs, punctually on the twentieth of every month, in cash, the
amounts due the plaintiffs by the defendant, as ascertained by
the engineer's estimates.

7th. That the defendant has received and collected from the
Massachusetts and Southern Construction Company, in bonds,
coupons and cash, more than enough to pay the plaintiffs' de-
mand in full, but neglects and refuses to do so, and could have,
with due diligence, realized and collected the full amount in
cash and paid it over to the plaintiffs, but neglected and failed
to do so, to the damage of the plaintiffs $8,348.13, and interest
thereon from the first day of July, 1890.

Wherefore, the plaintiffs demand judgment against the de-
fendant for eight thousand three hundred and forty-eight dol-

lars and thirteen cents ($8,348.13), with interest thereon from the first day of July, 1890, and for costs.

*Messrs. Hart & Hart,* for appellant.

*Messrs. N. W. Hardin* and *W. B. McCaw,* contra.

September 15, 1893. The opinion of the court was delivered by

Mr. Chief Justice McIver. As one of the questions made by this appeal arises upon a demurrer to the complaint, it will be proper to state briefly the substantial allegations contained in the complaint, though perhaps it will be more satisfactory to the profession that the complaint should be set out *in haec verba* in the report of the case. The first paragraph contains simply an allegation of the partnership of the plaintiffs. 2d. That plaintiffs entered into a contract in writing with defendant to construct and grade a portion of a certain railroad. 3d. That plaintiffs did the work contracted for to the amount and value of the sum stated, a particular statement of which is set forth in a schedule annexed. 4th. That the said sum of money became payable on the 1st day of July, 1890, and that no part thereof has been paid except a specific sum stated, leaving a balance due, the amount of which is stated, which is still unpaid, and that plaintiffs are entitled to said balance, with interest from said date. 5th. That plaintiffs have in all respects complied with the stipulations contained in said contract, and that the work done by them has been accepted by said railroad company, which has laid their track and are running their trains over the same. The 6th paragraph is as follows: "The defendant was a sub-contractor of and under the Massachusetts and Southern Construction Company, a body corporate, and contracted and agreed with the plaintiffs to receive and collect from said corporation and pay to the plaintiffs punctually on the twentieth of every month in cash, the amounts due the plaintiffs by the defendant, as ascertained by the engineer's estimates." And the 7th paragraph is in the following language: "That the defendant has received and collected from the Massachusetts and Southern Construction Company, in bonds, coupons and cash, more than enough to

pay the plaintiffs' demand in full, but neglects and refuses to do so, and could have, with due diligence, realized and collected the full amount in cash and paid it over to the plaintiffs, but neglected and refused to do so, to the damage of the plaintiffs $8,348.13, and interest thereon from the first day of July, 1890.''

After setting out the itemized statement above referred to as part of the complaint, showing the amount of the work done and the prices charged therefor, which, after deducting payments, leaves the balance above referred to as damages, the "Case" contains the following statement: "Immediately after the reading of the complaint, and without reading his answer, the defendant interposed an oral demurrer and motion in words as follows: For that the complaint states two causes of action jumbled together, in that it states a cause of action on an alleged contract, and a cause of action sounding in damages; and defendant demurs to so much of the complaint as attempts to state a cause of action sounding in damages after first stating an action on a contract; and defendant moves that all of section (paragraph) seven of the complaint, after the words, 'refuses to do so,' be stricken out, for that the complaint does not state facts sufficient to set forth two separate causes of action, to wit: an action on contract and an action for damages.''

The Circuit Judge overruled the demurrer and denied the motion. Whereupon the defendant appeals, alleging error in overruling the demurrer, and refusing the motion upon the grounds contained in the foregoing statement, extracted from the "Case."

We do not think there was any error in overruling the demurrer. It will be observed that the demurrer is not based upon the ground that the complaint does not state facts sufficient to constitute a cause of action, for it is very clear that such a ground could not be sustained, as the allegations contained in paragraphs one to five, inclusive, unquestionably do state a good cause of action. Nor is it based upon the ground, that two causes of action have been improperly united in the complaint, for that could only be taken by a demurrer in writing, and unless so taken, the objection is

waived. Code, § 169. Indeed, as we understand it, counsel for defendant, at the argument here, very properly repudiated any such position, as it is very manifest that such a position could not be sustained even if the complaint could be regarded as an attempt to state two causes of action. But the only ground upon which the demurrer is based is "that the complaint states two causes of action jumbled together." It would be quite sufficient to dispose of this ground, to say that we do not see that the Code contemplates or provides for any such ground of demurrer, unless the two causes of action are such as cannot be properly united in the same complaint, and then the objection cannot be taken by an oral demurrer, but must be taken either by demurrer or answer in writing; and if not so taken, the objection is deemed to have been waived.

It is contended, however, by counsel for defendant, that his oral demurror should be regarded as a demurrer "to so much of the complaint as attempts to state a cause of action sounding in damages after first stating an action on contract," and it is claimed that the allegations contained in that part of the complaint (paragraphs six and seven) are not sufficient to constitute a cause of action, without supplementing those allegations by others found in a previous part of the complaint. This position is based upon the assumption, that there was an attempt on the part of the plaintiffs to set forth in their complaint two separate and distinct causes of action; and this assumption we are not inclined to adopt. The plaintiffs' real cause of action was the failure of the defendant to pay them for certain specified work at certain specified prices, and the further allegations contained in paragraphs six and seven of the complaint amounted to nothing more than a statement of the source from which defendant expected and had agreed to obtain the money necessary to make payments to the plaintiffs. It will be observed that it nowhere appears in the complaint that the payments which defendant had contracted to make to the plaintiffs were to be dependent upon the amounts which he might be able to obtain from the Massachusetts and Southern Construction Company. On the contrary, the allegations of the complaint, which, under the demurrer, must be

taken as true, show clearly that the defendant contracted to pay the plaintiffs the amount specified, at all events; and the further allegations, that the defendant had agreed to collect, punctually, from the said company the amounts necessary to enable him to make such payments, cannot be properly regarded as an attempt to state a further and additional cause of action.

It seems to us that the defendant has mistaken his remedy, if, in fact, he was entitled to any. If the allegations contained in the complaint were so confused or uncertain as to leave him in doubt as to what was the real cause of action upon which plaintiffs relied, his remedy was by motion, upon due notice, to require the plaintiffs to make their allegations more distinct and certain, and not by demurrer. It is true that a motion was made to strike out the latter part of paragraph seven of the complaint; but without stopping to consider whether that was the appropriate motion, it is sufficient to say that it does not appear that any notice of such a motion was given, and as counsel for respondent have relied upon the want of notice, which they had a right to do, that would be sufficient to justify a refusal of the motion.

The judgment of this court is, that the judgment of the Circuit Court be affirmed.