THE PROVIDENT TRUST COMPANY v. PHILLIAS CORON
AND DELIRNA CORON.

### No. 47.

CIVIL PROCEDURE — *separate causes of action should be separately stated and numbered.* Where two or more causes of action are stated in the same petition,.and not separately stated or numbered, it is error for the court to overrule a motion of the defendant to require the plaintiff to separately state and number the several causes of action stated in his petition.

432    Provident Trust Co. v. Coron.

N. Dept.            Opinion.   McElroy, J.            5 Kan. App.

Error from Cloud District Court. Hon. F. W. Sturges, Judge. Opinion filed June 16, 1897. *Reversed.*

*John D. Millikin, J. Marshall Lamer,* and *Caldwell & Ellis,* for plaintiff in error.

*Mann & Redmond,* for defendants in error.

McElroy, J. The plaintiffs in the court below, in their amended petition, among other things, allege:

"That on the twenty-second day of May, 1890, plaintiffs executed and delivered their notes and real estate mortgage to the Provident Trust Company for a loan of twenty-two hundred dollars; that instead of paying plaintiff the said twenty-two hundred dollars, the Provident Trust Company retained one hundred dollars until the release of a prior mortgage should be obtained and filed in the office of the register of deeds; that plaintiffs obtained the release and caused the same to be filed with the register of deeds, but that defendant Provident Trust Company failed, refused and neglected to pay the plaintiffs, for which plaintiffs claim judgment for one hundred dollars; that they were in default in the payment of interest and taxes on the mortgaged premises; that about the twenty-sixth day of August, 1891, while one of the plaintiffs, Phillias Coron was sick and delirious and of unsound mind, the Provident Trust Company by its agent came to plaintiffs and induced, enticed, and influenced said plaintiffs to execute and deliver to the agent of the Provident Trust Company, the warranty deed to the mortgaged premises, for the alleged consideration of three thousand dollars; that plaintiff never received any valuable consideration for such deed; that the premises at the time were of the value of five thousand dollars; that the Provident Trust Company, and their agent, Salthouse, to further cheat, swindle and defraud said plaintiffs, did on the —— day of August, 1892, pretend to bar-

PROVIDENT TRUST CO. v. CORON.        433

June 16, 1897.        Opinion.    McElroy, J.        · C. Div.

gain and sell the premises above described to one George Gill, and did execute and deliver to said Gill a deed conveying said premises absolutely, for the nominal consideration of thirty-one hundred dollars ; that Gill took said conveyance with notice and knowledge of all the transactions between the plaintiffs and the Provident Trust Company, and plaintiffs ask judgment against the Provident Trust Company for the sum of three thousand dollars, for the difference between the value of said premises and the mortgage. Plaintiffs further allege that Delirna Coron, one of the plaintiffs, rented the mortgaged premises to the defendant C. Greenwood, to farm for the season of 1892, and to deliver possession thereof March 1, 1893, and that Greenwood agreed to pay as rent therefor one-third of the crops raised on the cultivated ground, one-third of the income derived from the pasture land, and one-half of the hay grown ; and that there were crops raised on the premises, and that there is due for the rental value the sum of $196, and that the Provident Trust Company together with their agent connived and schemed with Greenwood, and entered upon the mortgaged premises and unlawfully converted to their own use all of the rent due to these plaintiffs and refused to account to the plaintiffs therefor, to the damage of the plaintiffs in the sum of $425, for which plaintiffs claim judgment.''

The first error assigned is, that the court erred in overruling the motion of the defendants to require the plaintiffs to separately state and number their several causes of action. The amended petition on which the case was tried contained but one count. There is no pretense that the several causes of action stated in the petition are separately stated, or numbered. Is there more than one cause of action stated in the petition? If there is, the causes of action should be separately stated and numbered. Section 88, Code of Civil Procedure, provides : '' Where the petition

434     PROVIDENT TRUST CO. v. CORON.

| N. Dept. | Opinion.  McElroy, J. | 5 Kan. App. |

contains more than one cause of action, each shall be separately stated and numbered.''

'' Where two or more causes of action are stated in the same petition, and not separately stated or numbered, it is error for the court to overrule a motion of the defendant to require the plaintiff to separately state and number the several causes of action stated in his petition.'' *Pierce v. Bicknell*, 11 Kan. 262.

There are several causes of action, subject to separate defenses, set out in the petition. Each should be separately stated and numbered. For instance, a certain defense might be good as to one cause of action and not good as against another. In all such cases the defendant has the right to have the different causes of action separately stated and numbered. The defendant may demur to one, answer to another, and admit another. In other words, he may plead to each cause of action as the facts may justify. This he may not be able to do if the causes of action are not separately stated and numbered. It is unnecessary for us at this time to examine all the assignments of error. If these several causes of action had been separately set out and numbered, it would have simplified the issues in the case. There are other errors appearing in the record which would probably require the reversal of this judgment, but if the petition is amended and the causes of action separately stated and numbered, it is not likely that the same errors would occur at another trial of this case.

The judgment of the court below is reversed, and cause remanded for further proceedings in accordance with this opinion.