HOUSTON & TEXAS CENTRAL RAILROAD COMPANY v. H. B. FINN.

No. 1825.   Decided April 22, 1908.

**Discovered Peril—Anticipating Movements.**

One walking between tracks and stepping to one side to avoid escaping steam from an engine approaching upon one of them brought himself so near the other track that he was struck by a car thereon pushed by a switch engine approaching him from behind and without his knowledge. Held that the facts justified a submission of the issue of negligence after discovery of his peril by those operating the switch engine and seeing his position, in failing to anticipate and guard against his injury in attempting to avoid the escaping steam. (Pp. 512, 513.)

Error to the Court of Civil Appeals for the Sixth District, in an appeal from Harris County.

Finn sued the railway and recovered judgment. Defendant appealed and on affirmance obtained writ of error. The opinion on appeal is reported in 107 S. W., 94.

*Baker, Botts, Parker & Garwood* and *Lane, Jackson, Kelley & Wolters,* for plaintiff in error, cited: On contributory negligence. Sabine & E. T. Ry. Co. v. Dean, 76 Texas, 74; Houston & T. C. R. R. Co. v. Kauffman (Texas Civ. App.), 101 S. W. Rep., 817; Murray v. Gulf, C. & S. F. Ry. Co., 73 Texas, 5; Missouri Pac. Ry. Co. v. Porter, 73 Texas, 307; Galveston, H. & S. A. Ry. Co. v. Bracken, 59 Texas, 73; Gulf, C. & S. F. Ry. Co. v. Shieder, 88

Texas, 163; Bennett v. St. Louis S. W. Ry. Co., 82 S. W. Rep., 333. No actual discovery of peril in time to avoid injury thereafter by ordinary care. Texas & Pac. Ry. Co. v. Breadow, 90 Texas, 27; Texas & Pac. Ry. Co. v. Staggs, 90 Texas, 460; Ft. Worth & Denver Ry. Co. v. Shetter, 94 Texas, 198; International & G. N. Ry. Co. v. Edwards, 100 Texas, 22; Gulf, C. & S. F. Ry. Co. v. Matthews, 100 Texas, 63.

Error to submit an issue made by pleading which is not supported by evidence. Missouri Pac. Ry. Co. v. Platzer, 73 Texas, 121; Texas & Pac. Ry. Co. v. Wisenor, 66 Texas, 675; Houston & T. C. Ry. Co. v. Gilmore, 62 Texas, 392; Gulf, C. & S. F. Ry. Co. v. Blohn, 73 Texas, 637; Galveston, H. & S. A. Ry. Co. v. Faber, 63 Texas, 344; Gulf, C. & S. F. Ry. Co. v. Harriett, 80 Texas, 83.

*John Lovejoy* and *J. W. Parker*, for defendant in error.—The evidence was sufficient to sustain the said issue and to warrant the finding of the jury made thereon in favor of appellee. Sanches v. San Antonio & A. P. Ry., 88 Texas, 118-120; Brown v. Griffin, 71 Texas, 657-659; International & G. N. Ry. v. Ploeger (Civ. Apps.), 93 S. W. Rep., 231, 232, dissenting opinion by Judge Key, approved by Supreme Court, in same case, 93 S. W. Rep., 722, wherein the Sanches case is approved as an authority. Same case (Civ. Apps.), 96 S. W. Rep., 57, bottom paragraph, first column.

MR. CHIEF JUSTICE GAINES delivered the opinion of the court.

The defendant in error recovered a judgment against the plaintiff in error for personal injuries alleged to have been caused by the negligence of the servants of the latter. The judgment was affirmed by the Court of Civil Appeals and we have granted a writ of error.

The facts of the case are as follows: The plaintiff had occasion to pass between two railroad tracks of the defendant company, which was in common and general use by the public as a passway. As he entered upon the way he looked for trains and discovered a passenger train coming out of the depot in an opposite direction from that in which he was going, on one of the tracks; he saw no train on the other track. Seeing, as he testified, steam issuing in a considerable volume from the engine of the approaching train, in order to avoid it, he swerved from the direct course and approaching the other track he was struck by a stock car which was being propelled backwards on the other track and was knocked down and injured. The case was submitted to the jury solely upon the ground of discovered peril and the jury having found that the servants of the company discovered that the plaintiff was in a perilous position or about to enter into such position in time to have avoided the injury by the means at their command, we can not reverse the judgment if there be any evidence to justify the verdict. Being now of the opinion that there was some evidence to justify the jury in finding that the servants of the company discovered that the plaintiff was about to go into a place where he would be in danger of being struck by the cars, in time to have avoided the injury by means within their power, we deem it a profitless task to discuss the question. The Court of

Civil Appeals have in their opinion pointed out and as we think successfully the testimony which authorized the jury's finding and we are content to refer to it in confirmation of our conclusion.

The other assignments of error were also correctly disposed of by the Court of Civil Appeals.

Therefore the judgment of the District Court and that of the Court of Civil Appeals are affirmed.

*Affirmed.*