# FIRST NAT. BANK OF TISHOMINGO v. INGLE.

No. 1768.   Opinion Filed August 20, 1912.

Publication Withheld Until May 6, 1913.

(132 Pac. 895.)

1. **CORPORATIONS—Action—Return of Summons.** Same as paragraph 1 in syllabus to First National Bank of Tishomingo v. Latham, post, 132 Pac. 891.

2. **COURTS—County Court—Jurisdiction—Amount Involved.** Same as paragraph 1 in syllabus to State Bank of Paden v. Lanam, 34 Okla. 485, 126 Pac. 220.

3. **ACTION—Joinder.** Same as paragraph 3 of syllabus to State Bank of Paden v. Lanam, 34 Okla. 485, 126 Pac. 220.

4. **PLEADING—Petition—Several Causes of Action.** Where it is sought to set out several causes of action in the same petition, each should constitute a separate paragraph and be separately stated and numbered. Each paragraph so stated and numbered should proceed upon a single definite theory, and of itself present a complete cause of action, as distinct from others as if it stood alone in the pleading.

5. **SAME—Objection—Motion—Demurrer.** Where there is a commingling of several causes of action capable of union in one petition, and which are erroneously paragraphed or subdivided, the defect should be reached by motion to separately state and number, and not by demurrer.

6. **SAME—Determination.** In considering a demurrer to improperly commingled paragraphs of a petition, in which different causes of action are stated, consideration must be given, not alone to the matter alleged in such subdivision of the petition, but to the other paragraphs thereof, containing allegations alike applicable to the different causes of action.

7. **SAME—Motion—Objection To Petition—Waiver.** The right to file a motion to have the different causes of action separately stated and numbered is waived by demurring, either to the petition as a whole, or to the separate causes of action thus defectively stated.

8. **USURY—Petition—Sufficiency.** Petition considered, and held sufficient to state six different causes of action.

9. **TRIAL—Instruction — Construction — Sufficiency.** Instructions should be construed together as a whole, including special charges given at the request of either party. When so construed, if they

properly state the law, they will not be subject to exception, although some numbered instructions or portion thereof, standing alone, may be misleading.

10. **APPEAL AND ERROR**—Disposition of Cause—Affirmance on Condition. Same as that in paragraph 4 of syllabus in Mullen et al. v. Robinson, 30 Okla. 527, 120 Pac. 1099.

(Syllabus by Sharp, C.)

*Error from Johnston County Court;*
*Nick Wolfe, Judge.*

Action by A. J. Ingle against the First National Bank of Tishomingo. Judgment for plaintiff, and defendant brings error. Affirmed on condition of *remittitur.*

*Horton & Smith* and *S. C. Treadwell,* for plaintiff in error.
*P. B. H. Shearer,* for defendant in error.

Opinion by SHARP, C. It is first urged that the court erred in overruling defendant's motion to quash the return of service of summons. Service of summons and return thereof in this case is identical with that in *First National Bank of Tishomingo v. Latham, post,* 132 Pac. 891, in which it was held that the return was a sufficient compliance with section 5604, Comp. Laws 1909.

The first ground of demurrer, that the county court was without jurisdiction, the sum in controversy being less than $200, is not well taken. The original jurisdiction of county courts in civil cases, in an amount not exceeding $1,000, conferred by section 12 of article 7 of the state Constitution, was not changed by sections 1 and 2 of the Act of June 4, 1908 (Sess. Laws 1907-08, p. 284, c. 27; Comp. Laws 1909, secs. 1977, 1978,) so as to deprive said courts of jurisdiction where the amount involved did not exceed $200. *Cooper v. Austin,* 30 Okla. 297, 119 Pac. 206; *First Nat. Bank of Mill Creek v. Langston,* 32 Okla. 795, 124 Pac. 308; *State Bank of Paden v. Lanam,* 34 Okla. 485, 126 Pac. 220.

The second ground of demurrer, that several causes of action were improperly joined in the petition, was held not well

taken in *State Bank of Paden v. Lanam, supra.* The causes of action here are of the same class, and all arose under the identical provision of the statute, the only difference being that of time and amount; the parties are the same, and are affected in the same right; the venue is the same; the allegations affecting each of the several causes of action are similar; and the defenses are the same; the same character of relief is sought and obtained. Such being the case, said causes of action were properly joined in one petition, as provided by section 5623, Comp. Laws 1909.

The remaining demurrers are directed to paragraphs 3, 4, 5, 6, 7, and 11, of the plaintiff's petition, and separately charge that neither of said paragraphs states a cause of action against the defendant. Plaintiff's petition is very loosely drawn. It seeks to recover on six alleged usurious payments of interest, made on different dates and in different amounts. The petition is subdivided into twelve paragraphs or subdivisions. The introductory clause of the petition is: "Comes now the plaintiff, and for his cause of action against the defendant states and alleges." The first paragraph or subdivision states that both plaintiff and defendant reside in Johnston county, Okla.; the second, that defendant is, and was at the times complained of, doing business as a national bank; the third, fourth, fifth, sixth, seventh, and eleventh paragraphs partially state different causes of action arising out of the payment of usurious interest by defendant to plaintiff, but neither of which paragraphs states a complete cause of action; the eighth and ninth paragraphs charge that the agreements made were entered into for the sole purpose that defendant might collect, for the use of its money, a higher rate of interest than that allowed by law, and that each of said transactions was usurious, stating the rate of interest authorized by law. That the plaintiff paid both the principal and interest in full, as set forth in said petition, and that the defendant knowingly and corruptly charged plaintiff, and knowingly and corruptly accepted, received, and reserved, to its own use all of the usurious interest set out in the petition, and that

both the principal and interest were paid within two years immediately preceding the commencement of the action. Paragraph ten states that the loans were all made in Johnston county, Okla. Paragraph twelve states the total amount of interest paid, and charges that by reason thereof, defendant is indebted to plaintiff in twice said sum, amounting to $134.30, for which amount plaintiff prays judgment.

Section 5628, Comp. Laws 1909, provides that where the petition contains more than one cause of action, each shall be separately stated and numbered. Was it the intention of the pleader, by the form of subdivision named, to comply with this provision of the statute? If so, the demurrers directed to the sufficiency of each of the paragraphs attacked should be sustained. As already stated, there are but six causes of action, while there are twelve paragraphs or subdivisions in the petition. The form of the petition is open to serious objection. Where it is sought to set out several causes of action in the same petition, each should constitute a separate count or paragraph, separately stated and numbered. Each paragraph should proceed upon a single definite theory, and should present a complete cause of action, as distinct from others as if it stood alone in the pleadings. Sutherland on Pl. & Pr. secs. 193, 200; 1st Chitty's Pleading, 413; *Watson v. San Francisco, etc., Ry. Co.,* 41 Cal. 17; *Moore v. Holliday,* 43 Ore. 243, 72 Pac. 801, 99 Am. St. Rep. 724.

But when this rule has not been observed, and where there is a commingling of separate causes of action in one petition, containing different paragraphs, having at best but partial regard for the provisions of the statute requiring separate causes of action to be separately stated and numbered, may the objection be raised by demurrer? We think not. An objection to a petition for misjoinder is properly raised by a demurrer to the petition, but we are now considering, not the union itself, but the manner of making it. The general rule in such cases is that, when causes of action, which may properly be united had they been separately stated and numbered, have been improperly in-

termingled in one petition, erroneously paragraphed or subdivided, the remedy is by motion, not by demurrer. Bliss on Code Pleading, secs. 412, 423; Sutherland, Pl. & Pr. sec. 193; *Bass v. Comstock,* 38 N. Y. 21.

In *Jackins v. Dickerson,* 39 S. C. 436, 17 S. E. 996, it was said that the Code did not authorize a demurrer to a complaint on the ground that the two causes of action were "jumbled together," unless they were such as could not be united in the same complaint.

In Pomeroy's Code Remedies (4th Ed.) p. 454, the author says:

"Although the sections of the Codes, defining what causes of action may be united, all require in positive terms that when so joined each must be separately stated, it is settled by the weight of authority, and seems to be the general rule, that a violation of this particular requirement is not a ground of demurrer. This conclusion is based upon the language of the Codes authorizing a demurrer for the reason that causes of action 'are improperly united in the complaint or petition.' It is said that this expression only points to the cases in which causes of action have been embraced in one pleading which could not properly be joined, while in the special case under consideration it is assumed that all the causes of action may be united, and the only error consists in the external form or manner of their joinder. The remedy is therefore, not by a demurrer, but by a motion to make the pleadings more definite and certain by separating and distinctly stating the different causes of action. The plaintiff can thus be compelled to amend his complaint or petition, and to state each cause of action by itself, so that the defendant may deal with it by answer or demurrer, as the nature of the case demands."

Numerous authorities from many of the states are cited in the footnotes to the above case.

In *Tootle et al. v. Wells,* 39 Kan. 454, 18 Pac. 693, it was said:

"But even if this count had constituted several causes of action, still they could have rightfully been joined in one action, for they are all founded upon contract. Civil Code, sec. 83, subd. 2. And, further, a demurrer will not lie against a

pleading supposed to be defective only in not separately numbering the several causes of action supposed to be separately stated therein.    Civil Code, sec. 89."

In *Ellsworth v. Rossiter*, 46 Kan. 237, 26 Pac. 674, it was held that the objection that there were several causes of action stated in the petition, which were not separately stated and numbered, could not be raised or presented by a demurrer to the petition.  *City Carpet Beating Wks. v. Jones*, 102 Cal. 506, 36 Pac. 841; 31 Cyc. 278; Abbott's Trial Brief (Pleading) p. 164.

In *Pierce v. Bicknell*, 11 Kan. 263, the petition contained but one count, which was divided into separate paragraphs, and the paragraphs were separately numbered.  There was no pretense that the several causes of action stated in the petition were separately stated or numbered, but portions of different causes of action were blended in the same paragraph.  It was held that the defendant had the right to have the different causes of action separately stated and numbered that he might demur or answer to them separately, or make such defense, if any, as he desired.

In *Atchison, etc., Ry. Co. v. Board of Commissioners*, 51 Kan. 617, 33 Pac. 312, the petition of plaintiff erroneously grouped and blended together in one allegation several causes of action.  Defendants filed a motion to require the plaintiff to separately state and number the causes of action contained in the petition, and to make more definite and certain the allegations imposed therein.  The motion was overruled, and it was held on appeal that it ought to have been sustained.

In *Shrigley v. Black*, 59 Kan. 487, 53 Pac. 477, it was said that if there were several causes of action stated in the petition, they were nevertheless stated in form as one, and the proper practice would have been to file a motion to separately state and number the supposed different causes of action, not to demur to them as though they were separately stated but improperly united.  *Provident Trust Co. v. Coron*, 5 Kan. App. 431,

49 Pac. 345. It may be said that filing a demurrer generally constitutes a waiver of defects attackable only by motion.

In *Shepherd v. Baltimore & Ohio R. Co.,* 130 U. S. 426, 9 Sup. Ct. 598, 32 L. Ed. 970, Mr. Justice Harlan said in the opinion:

"The plaintiff could have been required to separately state his two causes of action; but, no motion to that end having been made in the court below, that objection was waived. *McKinney v. McKinney,* 8 Ohio St. 423; *Harfgord Twp. v. Bennett,* 10 Ohio St. 443; Civil Code, Ohio, secs. 80, 81, 86."

*Possel et al. v. Smith* 39 Colo. 127, 88 Pac. 1064; *Brewer v. McCain,* 21 Colo. 382, 41 Pac. 822; 31 Cyc. 124, 718, 725, 731. The defendant, in order to have taken proper advantage of the defective petition, should have filed a motion to require plaintiff to separately state and number his different causes of action, and to make them more definite and certain in any given particular. These questions, as has been seen, could not be raised by demurrer, general or special, and, not having filed such motion or having properly raised the question in the court below, the same is waived. The commingling in one statement of several causes of action or defenses cannot prevent demurring to either with the same effect as if separately stated. The pleader cannot defeat the demurrer by reliance on the defect in his own pleading, and a demurrer may be interposed to each of the causes of action in a petition, although all are stated in one count or are commingled in a petition containing different paragraphs, but where the different causes of action are not separately stated and numbered as required by the statute. Abbott's Trial Brief (Pleading) pp. 163, 164; *Wright v. Connor et al.,* 34 Iowa, 240.

In considering the defendant's demurrers to the six separate causes of action we are not confined to the allegations contained in the particular paragraph or subdivision of the petition, but may supplement such allegations found in the particular paragraphs by other paragraphs containing general allegations applicable alike to the different causes of action. This

we could not do if the separate causes of action were separately stated and numbered, unless there was found in the defective paragraph some reference to other allegations in other paragraphs of the petition.

It is urged that the petition as a whole did not state a cause of action; hence the court erred in overruling the demurrer to said petition. In view of the conclusion already reached, this position is untenable. Construing the petition as a whole, it sufficiently states, not only a cause of action, but six different causes of action. It sets forth that the defendant knowingly and corruptly charged plaintiff usurious interest on the different loans, and that plaintiff paid to defendant, within two years before the commencement of the action, both the principal and usurious interest, and that defendant knowingly and corruptly accepted, received, and reserved, to its own use the said sums of usurious interest. While not commending the form of the allegations in the petition, we think it a sufficient compliance with the rule announced in *First Nat'l Bank of Mill Creek v. Ellis,* 27 Okla. 699, 114 Pac. 620, and *First Nat'l Bank of Mill Creek v. Landis,* 27 Okla. 710, 113 Pac. 718.

The giving of instructions numbered 2 and 3 is urged as error. Counsel, however, have overlooked the additional instructions given by the court. In No. 7 it was charged that the jury must find that the bank knowingly charged and received usurious interest.

The defendant requested the court to submit to the jury three special instructions, which are as follows:

"We ask the court to instruct the jury that, before the plaintiff can recover in this case, he must show that the plaintiff and defendant entered into a corrupt agreement for the payment of usurious interest, and that in pursuance of such agreement the interest was knowingly received by the defendant and reserved to its own use.

"We ask this further instruction: That the court charge the jury that before they can find in favor of the plaintiff on the various purported usurious instruments, they must find from the evidence that the plaintiff has repaid the loan and a

sum of interest in excess of interest at the rate of 10 per cent. per annum for the loan from the date of such loan until paid and date same are repaid.

"If you find from the evidence that the plaintiff and defendant entered into an agreement whereby the plaintiff agreed to pay the defendant, and the defendant agreed to accept, a greater rate of interest than the legal rate, that said agreement is, according to law, corrupt."

These instructions the court gave. None other were requested. Instructions should be construed together as a whole, including special charges given at the request of either party. *Houston, etc., Ry. Co. v. Finn* (Tex. Civ. App. 1908), 107 S. W. 94, affirmed in 101 Tex. 511, 109 S. W. 918; *Galveston, etc., Ry. Co. v. Berry,* 47 Tex. Civ. App. 327, 105 S. W. 1019; *Texas & P. Ry. Co. v. Colts* (Tex. Civ. App. 1906), 95 S. W. 602, and cases cited. When so construed, if they properly state the law, they will not be subject to exception, although some numbered paragraph or portion thereof, standing alone, may be erroneous or misleading. *Hays v. Farwell,* 53 Kan. 78, 35 Pac. 794; *Sweeney v. Merrill,* 38 Kan. 216, 16 Pac. 454, 5 Am. St. Rep. 734; *Burton v. Merrick,* 21 Ark. 357; *Chicago & Northwestern Ry. Co. v. Whitton,* 13 Wall. 270, 20 L. Ed. 571. It is not essential that a single instruction should embody the entire law of the case, and the omission to state the entire law in one instruction is not error if the omission is reasonably supplied elsewhere, so that the charge as a whole fully and fairly applies the law applicable to the issues. *City of Atchison v. Acheson,* 9 Kan. App. 33, 57 Pac. 248; *Albertson v. Keokuk & Des Moines R. Co.,* 48 Iowa, 292; *Anderson v. Seropian,* 147 Cal. 201, 81 Pac. 521; *Davis et al. v. Shepherd,* 31 Colo. 141, 72 Pac. 57; *Ohio, etc., Torpedo Co. v. Fishburn,* 61 Ohio St. 608, 56 N. E. 457, 70 Am. St. Rep. 437.

In *Chicago, R. I. & P. Ry. Co. v. Johnson,* 25 Okla. 760, 107 Pac. 662, 27 L. R. A. (N. S.) 879, this court held that where the instructions of the court are subdivided into different paragraphs and numbered, and though some of them may be in-

complete, yet, if they are not in conflict with others therein, and harmonize therewith, such additional paragraphs supplementing what was lacking in the other and together stating the correct rule of law, the same will not operate as a reversible error. The instructions here contained a sufficient exposition of the principles of law applicable to the case to have enabled the jury to render a verdict establishing the rights of the parties in accordance with the facts proven.

It is next urged that the verdict of the jury is excessive. Plaintiff in his petition asked judgment for $134.30. The verdict was for $152. Counsel for defendant in error say that in such cases the pleadings should be considered by the court as amended to conform to the facts and verdict, and that this court should consider the amendment as having been made in the trial court. The exact question was presented in *Mullen et al. v. Robison,* 30 Okla. 527, 120 Pac. 1099, where it was said:

"This is not a question of amending a defective pleading so as to conform to the testimony. Had counsel asked leave of the trial court to amend the pleadings, doubtless permission would have been granted, but they did not do so; neither did they file a *remittitur in the trial court.*"

The court there held that it was error to render judgment for a sum in excess of the prayer in the plaintiff's petition, but not such as would work a reversal of the case.

It is next urged that the court erred in excluding the testimony tending to show that defendant in each of the six transactions charged a fee of $1.50 to cover the expense and labor of preparing the necessary papers, and filing the various mortgages, and which sums were included in the amounts claimed by the plaintiff as interest. The fee for filing mortgages in the office of the register of deeds is 25 cents. It was therefore proper to have deducted out of the amount of the loans and have defendant pay this expense. Counsel for defendant in error have expressed a willingness to file a *remittitur* in order so to do.

We conclude therefore, that a *remittitur* of $18.95 should be filed by defendant in error in this court, and that the judg-

ment of the court below should be modified to that extent; that upon a failure to file said *remittitur* within fifteen days the judgment of the lower court should be reversed and the cause remanded.

By the Court: It is so ordered.