## SAWYER v. SAWYER.

No. 27686.    Dec. 7, 1937.

Rehearing Denied Jan. 25, 1938.

Norman Barker and Charles Swindall, for plaintiff in error,

F. J. Lucas, for defendant in error.

CORN, J. This presents an appeal from the district court of Tulsa county, in an action filed by the plaintiff in error against her husband, defendant in error herein. Hereafter we shall refer to the parties as they appeared in the trial court. The facts are substantially as follows:

The plaintiff filed her petition to recover damages for personal injuries, pain, and suffering and mental anguish occasioned by reason of various assaults upon her committed by the defendant, and for injuries received in an automobile accident in which she and the defendant were involved. The plaintiff then filed an amended petition to which the defendant entered a motion to strike irrelevant and redundant matter, which the court granted. The defendant then filed a motion to require the plaintiff to separately state and number the causes of action, which motion was also granted.

Thereafter, pursuant to said order, the plaintiff filed her second amended petition, setting forth the following facts under four causes of action. The first cause of action alleged a physical assault upon the plaintiff; the second cause set up another assault upon the plaintiff whereby she was injured; the third alleged an assault upon the person of this plaintiff and an accompanying attempt to take her life presumably by poison. For these alleged acts the plaintiff asked damages, actual and punitive.

The fourth cause of action, this being the portion of the petition with which we are concerned in this appeal, alleged that on September 6, 1934, this defendant committed another assault upon the plaintiff, beating and severely injuring her, and that by reason of such acts she was placed in fear of her life and was induced by such fear to

agree to make an automobile trip to Chicago, and that while under duress and fear she entered a car belonging to friends and started for Chicago, followed by the defendant, who was driving the family car. It is further alleged that being under duress and fear, she finally consented to enter the family car and ride with the defendant, although under constant fear by reason of her knowledge of the defendant and because of his past actions toward her. Further, that while driving across the state of Missouri the defendant carelessly and negligently fell asleep and by reason of such negligent operation of the car wrecked the car and seriously injured the plaintiff, and that while she was in a hospital in a critical condition the defendant failed to provide proper care for the plaintiff. For this the plaintiff asked $50,000 damages, actual and punitive.

To this amended petition the defendant filed a motion to require the plaintiff to separately state and number her alleged fourth cause of action, and to require the plaintiff to set it forth in two or more causes of action. The plaintiff insisted that all the acts complained of in this fourth cause of action constituted a single, indivisible cause of action, refused to amend and elected to stand upon her petition. The court then ordered that the petition, as to the alleged fourth cause of action, be dismissed for failure to amend in conformity with the order of the court.

From this judgment of the trial court the plaintiff has appealed on the grounds that this was one, transitory cause of action, originating in Oklahoma and carrying over into Missouri, and so was not divisible, and that the effect would be destroyed if split in two. This alleged error of the trial court being the only error assigned, we are concerned only with this one proposition, the correctness of the trial court's ruling regarding the so-called fourth cause of action.

Section 200, O. S. 1931, provides:

"Where a petition contains more than one cause of action, each shall be separately stated and numbered."

Under this section the only problem with which we are concerned is to determine the correctness of the trial court's judgment that the petition in question did contain more than one cause of action.

After thorough consideration of the plaintiff's petition, we conclude that there were two causes of action contained in the allegations set out under the fourth cause of action.

The plaintiff attempted to join one cause of action, arising from injuries sustained from the fourth of a series of assaults upon her by the defendant, with another cause of action for damages for the personal injuries sustained in an automobile accident which occurred in another state, occasioned by the alleged negligence of the defendant.

The plaintiff's argument is that the fourth cause of action in her petition was continuous and transitory in its nature, beginning when the plaintiff was assaulted and continuing until the time of the accident in which she was injured.

In three causes of action this plaintiff set up matters to show assaults upon which she based her claim for damages. In the fourth cause of action she pleaded additional matters showing an assault and resultant injury to her. Then, in addition to this, she pleaded other facts, based upon the alleged negligence of this defendant, resulting in further injuries for which she now asks damages. Certainly it cannot be said, under such a state of facts, that there were not two causes of action expressed in her petition, when there are two fact situations expressed, each of which presents within itself a complete cause of action for damages for injuries sustained.

It is a well-established rule in all jurisdictions that where several causes of action are set out in the same petition, each must constitute a separate count or paragraph and embrace only one cause of action. See Chupco v. Chapman, 76 Okla. 201, 160 P. 88, and First National Bank of Tishomingo v. Ingle, 37 Okla. 276, 132 P. 895. See the latter case also as authority that proper method of attack is by motion directed at the petition.

The plaintiff has joined two separate causes of action in her fourth cause of action; one for damages for assault upon her person by the defendant, and the second for injuries received as a result of his alleged negligent operation of the automobile in which she was riding at the time the injuries were received.

Two causes of action having been joined, we hold that the ruling of the trial court, requiring the plaintiff to separately state and number the causes of action, was proper.

Judgment of the trial court affirmed.

OSBORN, C. J., and RILEY, WELCH, PHELPS, and GIBSON, JJ., concur. BAYLESS, V. C. J., and DAVISON, J., absent. HURST, J., not participating.