FULTON, Adm'r of HOLT, *against* JOHN W. HUNT.

Where suit was brought, and judgment rendered below, on three instruments of writing, one of which was for a sum less than a hundred dollars, a remittitur may be entered as to the count upon that note, in this court, after errors joined, argument and submission to the court.

And this may be done, although not the original record, but a mere transcript, is before this court.

Such remittitur will be entered, upon the payment, by the defendant in error, of all costs on the writ of error, if the writ is no further prosecuted after the amendment. If no further prosecuted, the judgment is affirmed, deducting the amount remitted; otherwise, the defendant pays the costs of the amendment, and the other costs abide the event of the suit.

The amount so remitted can never be recovered in any other action.

This was an action of debt instituted upon two obligations and one note, in which the defendant recovered against the plaintiff's intestate, the aggregate amount of the several writings, with damages equal to the interest which had then accrued upon them. The declaration counts separately upon each instrument, one of which is for the sum of twenty-one dollars only. The judgment was given by default, and the plaintiff in error insists that the circuit court had no jurisdiction of the demand for twenty-one dollars, and erred in pronouncing judgment. After the assignment of errors had been joined, and the case argued and submitted, the defendant in error, by leave of the court, filed a motion for leave to enter a *remittitur* upon the judgment of the circuit court, for the amount of the writing obligatory set out in the second count of the defendant's declaration, twenty-one dollars, with interest and damages, whereby the error in the judgment, if any, might be amended and obviated.

TRAPNALL and COCKE, for the motion:

ASHLEY and WATKINS, *Contra:*

RINGO, C. J., delivered the opinion of the court:

Upon consideration of the motion, it is the opinion of the court, that the right of the defendant to enter the *remittitur* in the circuit court, is unquestionable; this right has been held to extend, not only

Fulton, Adm'r of Holt, *against* Hunt.

to the amount of damages, but also to several causes of action, distinct debts, distinct acres of land, and distinct pleas. *Tate vs. Whiting*, 7 *Mod.* 196; *Morris vs. Gelder, &c.*, 1 *Ld. Raym.* 317; *Mulcarry and ——— vs. Eyres et als.* Cro. Car. 512; *Cutforthay vs. Taylor, T. Raym.* 395; *Andrews vs. Delahay, Hobart*, 178; *Thwaites et ux., &c.*, 5 *Mod.* 212, 213, 214; *Duppa vs. Mayo*, 1 *Saund.* 283; 2 *Arch. Pr.* 221. And this right is recognised as existing at a term subsequent to that in which the judgment was signed, and even after error brought while the case is pending in the court above. *Pickwood vs. Wright*; 1 *H. Black*, 642; *Rees vs. Morgan*, 3 *T. R.* 349; *Petrie et als. vs. Hannay, ib.* 649; *Doe ex. dem. vs. Perkins et als. ib.* 749; *Dunbar vs. Hitchcock*, 3 *M. & S.* 591; *Coster vs. Phœnix*, 7 *Cowen* 524; *Hemmenway, et al. vs. Hicks, et al.*, 4 *Pick.* 495; 2 *Archb. Pr.* 224. In addition to the authorities here cited, there are others in which the same principle, in regard to amendments and *remittitiur* is recognised and acted upon, as well in the courts of England as of the United States, as also some conflicting decisions which we have not considered it necessary to cite, as, in our opinion, the principles which we have stated, have decidedly the weight of authority, and more substantial reasons, in their favor. But the principal difficulty arises from the consideration that the original record is not before us, but a transcript only, for the amendment of which, in this court in any matter of substance, there is no express authority conferred by any statutory provision within our knowledge; yet, in the case of *Dunbar vs. Hitchcock*, above cited, which was commenced in the court of common pleas, and removed into the king's bench, by writ of error, and there determined, and afterwards taken before Parliament, by writ of error to the king's bench, the latter, after the errors were assigned in Parliament, notwithstanding the original record was not before it, but remained in the common pleas, amended the record in the very matters which had been assigned as error in Parliament; and Ld. Ellenborough, C. J., in delivering the opinion of the court of king's bench, upon the rule to amend, uses the following language: "I find, by reference to the minutes of proceedings, in this court, that this court is in the habit of granting leave to make this sort of amendment. I find that it is ordered thus: Let it be referred to Mr. ——— to

36

amend the record, according to the several proceedings in the inferior courts to be perused by him." So that it appears that, in that instance the court, in the exercise of its discretion, ordered the materials to be brought before them, in order to make the amendment. Whether the transcript be carried to the House of Lords, or not, if, in this case, the amendment is warranted by the statute of amendments, it is our duty to make such amendment. Certainly, this is no greater latitude of amendment than was allowed in *Short vs. Coffin,* where the court thought itself authorised to amend a judgment against an executor by making it *de bonis testatoris si,* &c., instead of *de bonis propriis,* as the mistake of the clerk. And in the case of the *Bank of the Commonwealth of Kentucky vs. Ashley,* and *Ella,* defendants, an action of debt, in which the defendants in error, in the declaration, purported to count severally, upon sixty-eight bills, or bank notes of the bank of the Commonwealth of Kentucky, and had recovered a judgment for $6,350, with interest, being the aggregate amount of said notes; upon examining the declaration, it appeared, that one of said bills had been omitted, and, of consequence, the declaration made out a less sum, and one debt less in number than the writ claimed, or the judgment gave, which was admitted to be error; the supreme court of the United States permitted the defendants in error to amend and obviate the error, by entering, in that court, a *remittitur* of the debt so omitted, and damages, *pro tanto,* and then affirmed the judgment, without costs. 2 *Peters' R.* 327.

With these precedents, of such high authority, before us, calculated, as we conceive, to advance the ends of justice, by means more expeditious and convenient, and less expensive than those which the defendant in error has an undoubted right to resort to, to accomplish the same object, we consider ourselves authorised to allow the amendment to be made, and the *remittitur* to be entered in this court, upon the payment, by the defendant in error, of all the costs upon the writ of error, if the same shall not be further prosecuted after the amendment is made; in which event, the judgment will be affirmed, deducting therefrom, the amount so remitted; otherwise, the defendant will pay the costs of the amendment, and the residue of the costs abide the issue of the suit, to be adjudged as in other cases.

Fulton, Adm'r of Holt, *against* Hunt.

In adopting this practice, the spirit and design of the several provisions of law, authorising such amendments in the court, where the original record is, are, in our opinion, as fully accomplished, in a manner much more expeditious and beneficial to the parties, than they would be by suspending the judgment of the court, to give the defendant time to obtain an amendment of the record, by entering the *remittitur* in the circuit court, and then removing the record into this court, by writ of *certiorari*, notwithstanding more precedents may be adduced in support of this practice, than of that which we have adopted, although the latter cannot, in any view which we have been enabled to take of the subject, in any manner impair, or endanger the legal rights of either party, as the circumstances which authorise such an amendment as the present, in either court, must, in every instance, necessarily appear, upon an inspection of the record itself, and cannot, in any instance that we are aware of, be justified by any thing *dehors* the record, which may be presented or made to appear; beside which, the redress sought by the plaintiff in error, so far as relates to the illegal excess of the judgment against him, is fully obtained, without costs, and in a manner more advantageous to him, than if the judgment was reversed, for that error, leaving him subject to a recovery of the amount so remitted, in the same or some other action, from the recovery of which, the defendant, by his remitter, will be for ever precluded.