## MULLEN *et al.* v. ROBISON.

No. 1403.    Opinion Filed December 12, 1911.

(120 Pac. 1099.)

1.  **COURTS—District Courts—Jurisdiction.**  The jurisdiction of the
    district court of a civil cause involving $345, pending in the
    United States Court of the Indian Territory, Southern District,
    on the advent of statehood, and then properly transferred to said
    court, is unaffected by an act, approved June 4, 1908 (Sess. Laws
    1907-08, c. 27, art. 1), passed pursuant to art. 10, sec. 7, of the
    Constitution, giving the county court, coextensive with the county,
    among other things, exclusive original jurisdiction in all civil cases
    involving in excess of $200, and not exceeding $500.

2.  **SAME—County Courts—Jurisdiction—Statutory Provision.**  The
    foregoing act is prospective, and not retrospective, in its opera-
    tion, and does not divest the district court of jurisdiction of civil
    causes, then pending therein, involving in excess of $200, and not
    exceeding $500.

3.  **EVIDENCE—Sufficiency.**  Testimony considered, and held suffi-
    cient to support the judgment of the trial court, after entering a
    remittitur.

4.  **APPEAL AND ERROR—Disposition of Cause—Affirmance on
    Condition.**  The fact that error was committed in the trial court,
    whereby judgment was rendered for an amount in excess of the
    prayer of plaintiff's petition, does not necessarily require a new
    trial.   If it can clearly be seen that the defendant could not
    have been prejudiced thereby to more than a certain amount, and
    plaintiff consents to remit that much of his recovery, judgment
    may be affirmed for the residue.

(Syllabus by Sharp, C.)

*Error from District Court, Carter County; S. H. Russell, Judge.*

Action by Joe F. Robison, guardian of Oscar Sampson, a
minor, against J. S. Mullen and others.   Judgment for plaintiff,
and defendants bring error.   Affirmed on condition of *remittitur.*

*H. A. Ledbetter,* for plaintiffs in error.

*Sigler & Howard* and *Cabell & Bass,* for defendant in error.

Opinion by SHARP, C.   The first assignment of error is
that the district court of Carter county was without jurisdiction

to hear and determine the case, by reason of the passage of the Act of June 4, 1908. This question has been squarely passed upon by this court in *Adair et al. v. McFarlin,* 28 Okla. 633, 115 Pac. 787, in which the act in question was held to be prospective, and not retrospective, in its operation; and that its passage did not divest the district court of jurisdiction in civil causes, then pending therein, involving in excess of $200, and not exceeding $500. *Rudolph v. Jurgenson,* 119 Pac. 640, and *Mullen v. Rensleman,* 119 Pac. 641 (not yet officially reported).

The second assignment of error is evidently urged through a misapprehension as to the contents of the case-made, as it nowhere appears therein that a demurrer to the petition was ever filed; hence no heed can be given this assignment.

The fourth and eighth assignments may be considered together. We think that neither is well taken. No demurrer was filed to the petition; neither did defendants below demur to the evidence. We are not prepared to say that the plaintiff's petition failed to state a cause of action, and for that reason reverse the judgment of the trial court, when no effort to test its sufficiency was made in the court below. No attempt is made in the brief of plaintiffs in error to comply with that portion of rule 25 (20 Okla. xii, 95 Pac. viii), prescribing the practice in cases where a party complains on account of the wrongful admission or rejection of testimony. *Indian Land & Trust Company v. Taylor,* 25 Okla. 542, 106 Pac. 863; *Terrapin v. Barker,* 26 Okla. 93, 108 Pac. 931; *Ferguson v. Union National Bank,* 23 Okla. 37, 99 Pac. 641.

Another assignment of error is that the court erred in admitting in evidence Exhibit A. This exhibit does not appear in the case-made, though at page 42 there is a blank page, save at the top thereof there appears the word and letter "Exhibit A." We are therefore unable to review the court's action in this particular.

The sixth assignment is that the court erred in rendering a joint and several judgment; there being, it is said, no testimony to establish the liability, if any, of two of the defendants. This

assignment is not well taken.   We have carefully read the entire record, and find the testimony amply sufficient to support the judgment below in this and in all other respects complained of by plaintiffs in error, except as hereinafter set out.

The remaining assignment of error is the third.   Plaintiff's petition asked judgment in the sum of $345; the judgment rendered was for $448, and is supported by the testimony.   Counsel for defendant in error at no time asked leave to amend their petition, and now insist that it should be considered as if amended, so as to conform to the proof.   In the cases cited in their brief, the facts differ from those presented here.   This is not a question of amending a defective pleading, so as to conform to the testimony.   Had counsel asked leave of the trial court to amend the pleadings, doubtless permission would have been granted, but they did not do so; neither did they file a *remittitur* in the trial court.   We think it was error to render judgment for a sum in excess of the prayer of the plaintiff's petition, but not such error as should necessarily work a reversal of the case.   *Fulton v. Hunt*, 3 Ark. 280; *Franklin v. Haynes*, 119 Mo. 566, 25 S. W. 223; *Lawrence v. Church*, 129 N. Y. 635, 29 N. E. 106; *Underwood v. Paine Lbr. Co.*, 79 Wis. 792, 47 N. W. 673; *Hines v. Darling*, 99 Mich. 47, 57 N. W. 1081.

Had plaintiffs in error appealed upon this question alone, we should be disposed to tax the costs against defendant in error; but other alleged errors were assigned, which, if sustained, would have necessitated a reversal, and we shall let the costs abide the ultimate result of the case.

Counsel for defendant in error, in their brief, express a readiness to enter such *remittitur* as may be directed, in the event it is determined that the pleadings cannot be considered amended to conform to the proof, which we hold.   We are therefore of the opinion that a *remittitur* of $103 should be filed by defendant in error in this court, and that the judgment of the court below should be modified to that extent; that upon a failure to file said

*remittitur* within fifteen days the judgment of the lower court should be reversed, and the cause remanded.

By the Court:   It is so ordered.

All the Justices concur.