**FINCH et al. v. AMERICAN STATE BANK.**

No. 14757—Opinion Filed Feb. 12, 1924.

1. **Garnishment—Right to Question Regularity After Giving Bond for Discontinuance.**

Where an undertaking is executed by the defendant pursuant to the provisions of section 370, Compiled Oklahoma Statutes, 1921, by virtue of which a garnishment proceeding against him is discontinued, he is thereby estopped from questioning the regularity of the garnishment proceedings.

2. **Judgment—Reduction of Verdict Upon Remittitur.**

Where a verdict is rendered for a greater amount than the plaintiff claims is due, and thereupon plaintiff files a remittitur

for the excess found by the verdict, it is not error for the trial court to render judgment on the verdict less the amount so remitted.

### 3. Trial—Instructions — Corrections by Judge.

The trial court has the right, of its own motion or on the motion of counsel, to correct or modify a charge which has been given to the jury. No casual or unguarded, expression by the judge, which upon a moment's reflection he sees is wrong and corrects before the jury, should be allowed to operate a reversal of the case.

### 4. Judgment Sustained.

Record examined, and held that the judgment is amply supported by the evidence in the case.

(Syllabus by Pinkham, C.)

Commissioners' Opinion, Division No. 5.

Error from Superior Court, Okmulgee County; J. H. Swan, Judge.

Action by the American State Bank of Beggs against Robert and Francis Finch. Judgment was rendered for the plaintiff, and defendants appeal. Affirmed.

Harris & Wheeler, for plaintiffs in error.

Caruthers & Irwin, for defendant in error.

Opinion by PINKHAM, C. The parties will be designated as they appeared in the trial court.

This was an action instituted on the 28th day of January, 1922, by the defendant in error, as plaintiff, in the superior court of Okmulgee county, seeking judgment on a promissory note for $600, bearing interest at 6 per cent. from maturity and providing for an additional 10 per cent. as attorney's fee. The defendant in error also sought to foreclose the mortgage on certain lots securing said note.

On the 20th day of April, 1922, there was filed in said cause a garnishment affidavit and bond, alleging that the First National Bank of Beggs had in its possession and under its control property belonging to the defendants.

On the 26th day of April, defendants filed motion to dissolve the garnishment, which motion was by the court overruled, to which ruling of the court the defendants excepted.

On the 3rd day of May, 1922, defendants filed a motion to vacate the order overruling defendants' motion to dissolve garnishment theretofore made and to grant a new hearing on said motion for irregularities in the proceedings of the court in that the court failed to have the testimony

taken down by the reporter, thereby preventing the defendants from presenting the proceedings to the Supreme Court, which motion was by the court overruled, to which defendants excepted.

On the 20th day of October, 1922, defendants filed their amended answer, admitting the execution of the note and mortgage sued upon, but specifically denying that they received the consideration named in said note and mortgage, and alleged the facts to be that the defendants received only the sum of $400, and there was a failure of consideration for the note and mortgage sued upon. For reply to the amended answer of the defendants, plaintiff denies each and every allegation of new matter therein contained.

On the 14th day of February, 1923, the said cause came regularly on for trial before the court and jury, which resulted in a verdict for the plaintiff fixing the amount of its recovery at $600, the amount of the note sued upon, together with 10 per cent. interest from maturity and 10 per cent. additional attorney's fee.

Motion for new trial was filed and overruled and judgment rendered against the defendants in the sum of $500, with interest thereon at the rate of 10 per cent. per annum from the 17th day of June, 1921, to such date as the said judgment shall be satisfied, and for the additional sum of $57.87 as attorney's fee and for costs.

It was further by the court adjudged and decreed that the plaintiff may have an order of sale directing sale by the sheriff of the property described in the said mortgage to which judgment of the court defendants excepted, and the cause comes regularly on appeal to this court.

For reversal of the judgment defendants assign a number of specifications of error. Counsel for defendants in their brief present their assignments of error under the following propositions:

(1) Alleged irregularities in the garnishment proceedings.

(2) Objection to one of the instructions of the court.

(3) Objection to the amount of the verdict as found by the jury; and

(4) Questions as to the weight of the evidence.

Under the first proposition it is contended that the court erred in overruling defendants' motion to dissolve the garnishment. The argument is that James B. Kelly, who was president of the American

State Bank, served the summons; that therefore the face of the return of summons shows that it was not properly served and therefore the garnishment should have been quashed upon motion of the defendants. The specific objection is that said summons cannot be served by a party plaintiff.

There is no question as to the proposition of law that the garnishee summons cannot be served by a party to the action. The record fails to disclose, however, that the defendants excepted to the method of service or made that objection one of the grounds to dissolve the garnishment. Furthermore, it does not appear that James B. Kelly, who made the service of the garnishment summons, was the James B. Kelly, president of the plaintiff bank, and we cannot take judicial knowledge of that fact and are not permitted to look outside the record. England Bros. v. Young, 26 Okla. 494, 110 Pac. 895.

The defendants further object to the action of the court in permitting the plaintiff to amend the affidavit of garnishment. The contention is not sustained. The amendment permitted by the court was within its discretion and we think a proper one for allowance. Section 318, Comp. Stat. 1921.

Another objection is that upon the hearing of defendants' motion to dissolve the garnishment the testimony was not incorporated into the record. The journal entry of the order overruling defendants' motion to dissolve the garnishment states as follows:

"And the motion of defendants, Robert and Francis Finch, to dissolve the garnishment. Evidence being introduced by sworn witnesses in open court both for the plaintiff and for the defendant and the court being fully advised in the premises finds the facts stated in plaintiff's affidavit for garnishment are sustained by the evidence and that the defendants' motion to dissolve the garnishment should be overruled."

The record further shows that six witnesses testified on the motion of defendants to quash the said garnishment, and that the defendants made no request that the evidence introduced shou'd be preserved until after the hearing had been concluded and the decision of the court announced.

Furthermore, the record discloses that on the 26th day of April, 1922, there was filed in said cause an "undertaking for attachment," which said undertaking for attachment was duly entered of record in the office of the court clerk, and that on the same day there was filed in said cause a waiver of exceptions to bond, signed by attorneys for plaintiff, as follows:

"We waive filing exceptions to this bond and concede it is sufficient as to the sureties and authorize the release of the garnishees."

This would seem to indicate that the undertaking referred to, styled "undertaking in attachment," was an undertaking in pursuance of section 370, Comp. Stat. 1921.

"Where an undertaking is executed by the defendant pursuant to the provisions of R. L. 1910, section 4838 (section 370) (Compiled Oklahoma Statutes, 1921), by virtue of which a garnishment proceeding against him is discontinued he is thereby estopped from questioning the regularity of the garnishment proceedings." Munson v. First National Bank of Okmulgee, 58 Okla. 284, 159 Pac. 486; St. L. Cordage Mills v. Western Supply Co., 54 Okla. 757, 154 Pac. 646.

We conclude from the disclosures of the record that the garnishees were released from any liability, and that therefore the garnishment was dissolved at or about the time the defendants were making the objections to the garnishment proceedings, and are therefore estopped from questioning the regularity of such proceedings.

It is further contended that the court confused the jury in one of its instructions in using the following language:

"When the defendant interposes the plea of usury, the burden of proof shifts to him, and he must make out by a preponderance of the testimony—his case, to sustain his contention, and theory as to the suit . Should you find, gentlemen of the jury, in this case, from all the facts and circumstances introduced before you in the evidence, that there is no usury in this case, or if the defendant has not proven to your mind, by a preponderance of the testimony, that there was usury, or if there should be doubt in your mind, as to whether or not he has proven it, then it will be your duty to find for the plaintiff, and in finding for the plaintiff, you will find the amount sued for with interest and attorney's fees."

Defendants say in their brief, "The court practically told them that the defendant must prove usury beyond a reasonable doubt." An examination of the instructions shows that the court told the jury:

"Gentlemen, counsel has just called my attention—if I instructed you that the defendant would have to prove his case beyond a reasonable doubt I did not mean to do so. All that the defendant has to do is to establish his plea of usury by a preponderance of the testimony."

We think the court made it plain to the jury that no language used by it in its instructions was intended to instruct them

that the defendant would have to prove his case beyond a reasonable doubt.

"The trial court has the right of its own motion or on the motion of counsel to correct or modify a charge which has been given to the jury; the consequences would be highly mischievous if such right did not exist. No casual or unguarded expression by the judge which upon a moment's reflection he sees is wrong, and corrects before the jury, should be allowed to operate a reversal of the case." 14 R. C. L. 812.

Furthermore, this instruction was not made a subject for motion for a new trial.

It is further contended that the court instructed the jury that the bank "sued * * * for the recovery of $600." The contention is that this language "confused the jury, causing them to disallow the $100 that had been paid by the defendant and also the interest that had been paid."

It is conceded by the plaintiff that the jury did return a verdict for the full amount of the note, overlooking the fact that a payment of $100 and interest to June 17, 1921, had been admitted by the plaintiff. We think, however, this error was cured by remittitur by the plaintiff and the judgment rendered by the court for the correct amount.

In the journal entry of the judgment it is said:

"It appearing from the pleadings and evidence that the jury rendered judgment for the full amount of the note sued for without allowing credit for the sum of $100 paid theron, or for interest to the 17th day of June, 1921; the plaintiff in open court announces that it remits from the amount of the verdict the sum of $100 and interest prior to the date last above written."

In the case of Mullen v. Robinson, 30 Okla. 527, 120 Pac. 1099, it is said:

"The fact that error was committed in the trial court whereby judgment was rendered for a greater amount than prayed for in plaintiffs' petition does not necessarily require a new trial. If it can clearly be seen that the defendant could not have been prejudiced thereby to more than a certain amount, and plaintiff consents to remit that much of his recovery, judgment may be affirmed for the residue."

We have carefully examined the evidence contained in the record before us and we are clearly of the opinion that the judgment rendered by the court below upon the verdict of the jury is amply supported by the evidence in the case.

We think the judgment of the trial court should be affirmed.

On appeal to this court from a judgment of the superior court of Okmulgee county, supersedeas bond was filed, executed by the defendants, Robert and Francis Finch, as principals, and G. E. Sitler and C. D. Fewell, as sureties, to stay execution of said judgment; and the plaintiff has asked this court in its brief to render a judgment against the bondsmen of the defendants as well as against the defendants. No response has been made to this request.

The judgment of the trial court was rendered on the 14th day of February, 1923, in the sum of $500, with interest thereon at the rate of ten per cent. per annum from the 17th day of June, 1921, to such date as the said judgment shall be satisfied, and for the additional sum of $57.87 as attorney's fee to be taxed as part of the costs, and for all court costs, and judgment therefore will be entered in this court against the defendants and sureties on said appeal bond in the sum of $500, with interest thereon at the rate of ten per cent. per annum from the 17th day of June, 1921, to such date as the said judgment shall be satisfied, and for the additional sum of $57.87 as attorney's fee to be taxed as part of the costs, and for all court costs, for which execution may issue.

By the Court: It is so ordered.