Wilbur Floyd BULLARD, Appellee,

v.

GRISHAM CONSTRUCTION COMPANY, an Oklahoma corporation, Appellant.

No. 54680.

Supreme Court of Oklahoma.

March 1, 1983.

As Corrected March 1, 1983.

Rehearing Denied April 11, 1983.

As Corrected April 11, 1983.

C.W. Schwoerke, Oklahoma City, for appellee.

Foliart, Mills & Niemeyer, Oklahoma City, for appellant.

SIMMS, Vice Chief Justice:

Petition for certiorari was granted in this cause to review two issues decided by the Court of Appeals: (1) Whether the trial court's entry of judgment notwithstanding the verdict and its upward alteration of the award to plaintiff after a hearing on motion for new trial was correct; (2) Whether the trial court properly refused to award attorneys fees and costs to defendant incurred subsequent to an offer of settlement where the jury returned a lessor amount than the offer.

This cause arose from a collision between plaintiff Bullard's car traveling down a highway and the truck of an employee of defendant Grisham Construction Company traveling on an intersecting gravel road. Major issues of fact below were whether defendant's driver failed to stop and whether plaintiff was speeding. The jury returned a verdict of $48,000 total damages, finding plaintiff 40% negligent and defendant 60% negligent. Judgment was entered at $28,800.[1]

Plaintiff filed two motions for new trial, the first alleging grounds First, Second, Third, Seventh and Eighth of 12 O.S.1971, § 651,[2] all grounds relating to plaintiff's

---

1. Defendant's Motion for Credit and Reduction was sustained, reducing the damages in the amount of $4,500, which had been previously advanced by defendant to plaintiff.

2. "A new trial is a re-examination in the same court, of an issue of fact, after a verdict by a jury, the approval of the report of a referee, or a decision by the court. The former verdict, report or decision shall be vacated, and a new trial granted, on the application of the party aggrieved, for any of the following causes, affecting materially the substantial rights of such party: First. Irregularity in the proceedings of the court, jury, referee, or prevailing party, or any order of the court or referee, or abuse of discretion, by which the party was prevented from having a fair trial. Second. Misconduct of the jury or prevailing party. Third. Accident or surprise, which ordinary prudence could not have guarded against. * * * * * Seventh. Newly-discovered evidence, material for the party applying, which he could not, with reasonable diligence, have discovered and produced at the trial. Eighth. Error of law occurring at the trial, and excepted to by the party making the application. Ninth. When, with-

contention that it was surprised and prejudiced by the inability to produce a key witness, June Hopper, at time of trial. A second motion repeated these grounds and additionally alleged misconduct of defense counsel in preventing an eyewitness from being served.

The trial court, after hearing evidence (largely consisting of the testimony of the alleged eyewitness), set aside the judgment of the jury. The journal entry of judgment ordered and adjudged that the motion for new trial be overruled. Upon its own motion the court then entered a judgment notwithstanding the verdict, finding plaintiff should be awarded $48,000. Both sides appealed from the judgment. The Court of Appeals affirmed the actions of the trial court both in its granting of judgment notwithstanding verdict and on the refusal of attorneys' fees and costs under 12 O.S.1971, § 1101 and § 1106, the other issue raised on appeal.

## I

■ We affirm, as did the Court of Appeal, the trial court's denial of attorneys' fees and costs. Defendant alleged entitlement to post-settlement offer fees and costs because plaintiff refused a $60,000 offer and the jury award was below that amount. Defendant, however, did not comply with the minimum requirements of 12 O.S.1971, § 1101: (1) the offer must be a formal offer to confess judgment; and (2) the offer must be in writing with a copy served on opposing counsel; and (3) plaintiff must have 5 days to accept or reject the offer. Neither § 1101 nor § 1106 allow for attorneys' fees. Defendant's contention that such post-settlement costs include attorneys' fees automatically is likewise unsupported. Unless the subject matter of the suit permits the award of attorneys fees to the prevailing party, costs awarded to not include them.[3]

## II

■ The trial court's entry of judgment *non obstante veredicto* on its own motion as a response to a motion for new trial was error. Judgment n.o.v. is not a device available to the court on its own motion, but has statutory prescriptions:[4]

Title 12, 1971, § 698—Judgment n.o.v.—New Trial

"When a motion for a directed verdict which was made at the close of all of the evidence should have been granted, the court shall, at the request of the moving party, render judgment in his favor though a verdict has been found against him, but the court may order a new trial where it appears that the other party was prevented from proving a claim or defense by mistake, accident, or surprise. The request for judgment may be filed within ten days after the verdict, report or decision is rendered regardless of whether or not the term has ended, and the motion may be joined with a motion for new trial."

■ Apart from § 698 the trial court has no inherent power to enter a judgment contrary to the verdict of the jury unless movant made a motion for directed verdict at the close of all the evidence and the party against whom the verdict was returned made a timely motion to have the verdict set aside and entered according to the motion for directed verdict, unless, of course, compliance is had with § 698.

■ While the trial court made no specific findings as to the grounds for granting judgment n.o.v., the effect of the judgment awarding plaintiff the total amount of damages was to take the issue of contributory negligence away from the jury. By taking this course (seemingly on the basis of the newly heard evidence offered at the hearing), the trial court invaded the province of the jury by making a finding of fact on a jury issue. By a provision of the

out fault of complaining party, it becomes impossible to make case made."

**3.** See, *Gaylord v. State ex rel. Dept. of Highways,* Okl., 540 P.2d 558 (1975).

**4.** See, *Dover v. Smith,* Okl., 385 P.2d 287 (1963); *McInturff v. Oklahoma Natural Gas Transmission Co.,* Okl., 475 P.2d 160 (1970).

Oklahoma Constitution, the question of contributory negligence is exclusively one for the jury:

"The defense of contributory negligence or of assumption of risk shall, in all cases whatsoever, be a question of fact, and shall at all times be left to the jury." Article 23, § 6.

■ Our courts have strictly adhered to this Constitutional provision and a like provision is repeated in our statutes.[5] For a court to wrest the issue of contributory negligence from the jury, there must be an utter absence of evidence. *Fuller v. Neundorf,* Okl., 278 P.2d 836 (1954); *Haynie v. Haynie,* Okl., 426 P.2d 717 (1967). If the trial court believed the testimony of June Hopper momentous enough to effect the question of contributory negligence, it should have allowed her credibility and the conflicts in her testimony to be weighed by a jury.[6]

### III

■ In addition to the issue of contributory negligence, the trial court invaded the province of the jury in another respect, i.e., by increasing the amount of the verdict. A verdict, defective in form only, *not affecting the rights or merits of the parties,* may be corrected by the court with the assent of the jury before they are discharged. 12 O.S.1981, § 586. In Oklahoma, though remittitur is allowed,[7] the trial court is without authority to enter an additur. In *Hale v. Landrith,* Okl., 201 Okl. 107, 201 P.2d 914 (1948),[8] the syllabus reads:

"In a tort action for damages the jury is the trier of facts and, after it returns a

verdict fixing the amount of damages and is discharged, the trial court is without authority to change such verdict by increasing the amount thereof on the theory the undisputed testimony showed plaintiff was entitled to recover a greater amount."

### IV

■ Doubtless the trial court hoped to bypass a costly and time-consuming, not to mention emotionally wrenching, new trial. The proceedings below were frought with allegations of overzealous and underzealous representation, misconduct and mishandling, leaving no side in the cause untainted. Nevertheless, if the evidence of the hearing on motion for new trial convinced the court that one of the grounds had been met, the appropriate judicial order was one for new trial, not judgment n.o.v.[9]

■ Because plaintiff did not preserve for appellate review his complaint that damages awarded him by the jury were inadequate, he can press here no claim for relief on that basis. *Kepler v. Strain,* Okl., 579 P.2d 191 [1978].

We vacate the opinion of the Court of Appeals and reverse the trial court's judgment n.o.v. Cause is remanded for reconsideration of plaintiff's motion for new trial. Judicial consideration of that motion shall be confined to the grounds alleged therein.

REVERSED AND REMANDED.

BARNES, C.J., and LAVENDER, DOOLIN, OPALA and WILSON, JJ., concur.

---

5. 23 O.S.1981, § 12.

6. Again, while no specific finding was made that the witness's testimony was the grounds for judgment n.o.v., our reading of the transcript shows that the major purpose of the hearing was the discovery of "essential evidence" T(p. 21). Transcript, page 34, reads: "And the crucial thing before me at this time is to decide whether they should get a new trial based on the evidence that you possibly could prove."

7. "The question of whether a verdict in a given case is excessive must be determined from the facts in the case, and a verdict will not be reduced unless it appears that the verdict is excessive, or results from passion or prejudice." Syllabus # 6, *Henryetta Const. Co. v. Harris,* Okl., 408 P.2d 522 (1965). See, *Finch v. American State Bank of Beggs,* 97 Okl. 172, 223 P. 631 (1924); *Sopkin v. Premier Pontiac, Inc.,* Okl.App., 539 P.2d 1393 (1975).

8. See, 56 A.L.R.2d 213 for an annotation on the court's power to enter additur in other jurisdictions.

9. Before the journal entry of judgment, the trial court's action was both called the granting of a motion for new trial with directed verdict and judgment n.o.v.