Louis A. **MALTOS** and Suzanne K. Maltos, Appellants,

v.

**BISON FEDERAL CREDIT UNION,** Appellee.

No. 80259.

Court of Appeals of Oklahoma, Division No. I.

May 31, 1994.

Certiorari Denied July 25, 1994.

C. Brad Henry, Shawnee, for appellants.

J. Roger Henson, Shawnee, for appellee.

### MEMORANDUM OPINION

JONES, Presiding Judge:

The question presented here is whether the trial court, on a post-judgment request for attorney's fees, may consider the bar of the statute of limitations applicable to one of several pleaded theories of recovery.

Appellants Louis and Suzanne Maltos executed a note and mortgage with Appellee Bison Federal Credit Union ["Credit Union"] when they bought a home in 1989. After experiencing several problems with Credit Union in administering their loan account, Appellants decided to transfer the note and mortgage to another financial institution. Appellants then sued Credit Union, pleading claims for violation of certain disclosure provisions of the Uniform Consumer Credit Code,[1] negligence, fraud, conversion, breach of contract, and tortious breach of contract. Briefly stated, Appellants alleged Credit Union misapplied loan payments to interest instead of principal, misappropriated funds in the mortgage escrow account, withheld material information about the loan (including the requirement of a substantial balloon payment at the end of the loan term), and retaliated for Appellants' complaints by cancelling contracts with Appellants' business.

A week after the lawsuit was filed, and well before its answer date, Credit Union filed an offer to confess judgment under 12 O.S.1991 § 1101 for six thousand dollars. Appellants filed the appropriate notice and affidavit accepting the offer.

Appellants subsequently moved for attorney's fees and costs. Credit Union opposed the motion, arguing that only one of the six theories pleaded by Appellants would support a request for fees, and that claim—the one arising under the UCCC—was time-barred.[2] Credit Union also opposed the fee request because Appellants' attorney had not provided sufficiently detailed supporting materials to permit allocation of time between any theory for which fees were recoverable and theories as to which no fees were recoverable.

After hearing, the trial court issued an order denying attorney's fees.[3] The court's order recites that the confessed judgment ($6,000) was only slightly larger than what Credit Union had offered just before litigation began; that the confession occurred just six days after suit was filed; that Appellants' breach of contract claim would not support a request for fees because it was based on oral agreement(s); and the UCCC theory, which might have supported such a fee request, was barred by the statute of limitations. Appellants then perfected this appeal.

■ We agree (and Credit Union does not contest) that Appellants were "prevailing parties" for the general purpose of awarding attorney's fees. "A judgment by confession has the same legal effect as a judgment entered after trial by jury or to the court." *Wieland v. Danner Auto Supply, Inc.,* 695 P.2d 1332, 1334 (Okla.1984). However, attorney's fees do not automatically inure to the party who prevails by confessed judgment. *Bullard v. Grisham Construction Co.,* 660 P.2d 1045, 1047 (Okla.1983). "Unless the subject matter of the suit permits the award of attorneys fees to the prevailing party, costs awarded [do] not include them." *Id.,* citing *Gaylord v. State ex rel. Department of Highways,* 540 P.2d 558 (Okla.1975).

■ Appellants submit two propositions for reversal of the order denying attorney's fees. Appellants contend the trial court erred by considering the statute of limita-

---

1. 14A O.S.1991 §§ 1–101 *et seq.*

2. Title 14A O.S.1991 § 5–203(6) provides that civil actions for violation of the UCCC disclosure requirements must be brought within one (1) year from the date the violation occurred.

3. The trial court granted costs of sixty-nine dollars ($69.00).

tions in connection with recoverability of attorney's fees under the UCCC. It is Appellants' position that, once they accepted the offer to confess, any consideration of the statute of limitations became irrelevant.

■ There are two attorney fee provisions in Oklahoma's version of the UCCC. The Legislature has granted courts discretion to award attorney's fees in any case in which the creditor has violated the Code's disclosure requirements. 14A O.S.1991 § 5–202(8); *First National Bank v. Brown*, 579 P.2d 825, 828 (Okla.1978).

■ The Code also provides that a creditor who violates the Code's disclosure requirements *is liable*, in an individual proceeding, for costs and a reasonable attorney's fee. 14A O.S.1991 § 5–203(1)(c). The nearly identical § 130(a) of the federal Truth in Lending Act, 15 U.S.C. § 1640(a), has been construed as creating a mandatory right to attorney's fees when a creditor has violated the Act's disclosure requirements; but the mandate is qualified by the court's discretion to determine the *amount of fees*. *de Jesus v. Banco Popular de Puerto Rico*, 918 F.2d 232, 233–234 (1st Cir.1990), *appeal after remand*, 951 F.2d 3 (1st Cir.1991); *see* 15 U.S.C. § 1640(a)–(c). Attorney's fees, said the court in *de Jesus*, should therefore be denied only in the most unusual circumstances. *Id.*, 918 F.2d at 233. We believe *de Jesus* is persuasive authority for the proper construction to be given to § 5–203(1)(c) in the Oklahoma UCCC. *See Kepler v. Strain*, 579 P.2d 191, 192 (Okla.1978) (construction of federal rule on summary judgment should be given "special consideration" on question of how to construe parallel state rule).[4]

Given this mandatory right to attorney's fees by statute, and the Credit Union's undifferentiated confession of judgment, we find no valid reason for the trial court to consider whether the statute of limitations might have been a valid defense to Appellants' claim under the UCCC. Credit Union could easily have offered to confess judgment only on the non-UCCC claims, leaving only the issues related to violation of the disclosure requirements to be litigated further. Adopting Credit Union's position on the limitation of such an action, we would be compelled to agree that Appellants' UCCC claim was, indeed, time-barred.

■ In this case, however, we must accept what Credit Union *actually* did, for better or worse, which was to offer *without qualification* to confess judgment, which offer, in our view, meant that Credit Union offered to confess judgment on *all* of the claims which Appellants had pleaded. It is true, as Credit Union points out in its brief, that its time to answer had not yet run when the offer to confess was made, and, for that reason, the cases on waiver of affirmative defenses cited by Appellants [5] may be distinguishable. Yet, the effect of Credit Union's decision to confess judgment prior to its answer date remains the same: Credit Union should not now be permitted to raise a defense which it chose (even, perhaps, for laudable reasons) not to assert in the trial court, and the trial court should not have considered the efficacy of such a defense in passing on the Appellants' request for post-judgment attorney's fees. We must therefore reverse the order denying attorney's fees, and remand this case to the trial court for reconsid-

**4.** Rather than merely adapting federal legislation to local purposes, the Oklahoma version of the UCCC was enacted to provide this state an exemption for covered transactions from the application of the Truth in Lending Act. *See* Baggett and Miller, *The Oklahoma Version of the Uniform Consumer Credit Code*, 14A O.S.A. at 6–7 (West 1983). Nonetheless, because the exemption could only be granted if the Oklahoma legislation imposed requirements substantially similar to those under the federal act, *id.*, at 6, and because the wording of the Oklahoma disclosure liability statute is virtually identical to the federal disclosure liability provision, we believe it is appropriate to give federal authority construing TILA some weight in determining the proper interpretation of our statute.

**5.** An affirmative defense which is not pleaded is waived. *Furr v. Thomas*, 817 P.2d 1268, 1272 (Okla.1991). The existence of what might have been a valid defense does not impugn a judgment which is otherwise correct. *Greene v. Circle Insurance Co.*, 557 P.2d 422, 424 (Okla.1976); *see also RST Service Manufacturing, Inc. v. Musselwhite*, 628 P.2d 366, 368 (Okla.1981).

eration of the Appellants' application for attorney's fees.[6]

The order denying attorney's fees is reversed, and this case is remanded to the trial court.

REVERSED AND REMANDED.

HANSEN and ADAMS, JJ., concur.

6. The remaining factors cited by the trial court on denial of the application for attorney's fees cannot impact Appellants' statutory right to attorney's fees. We need not decide whether those same factors may affect the amount of attorney fees.